UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>)<br>)<br>)<br>v.                                                    )<br>)<br>)<br>OSCAR HURTADO CAMPAZ,     )<br>)<br>Defendant.                                  )<br>_____ ) | CRIMINAL NO. 07-278-05 (RJL)<br><br>**FILED**<br>APR 1 5 2009<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## MEMORANDUM & ORDER

Oscar Hurtado Campaz has been charged with conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 959 and 960. Now before the Court is the government's oral motion for pre-trial detention. This Court conducted a hearing on the matter on April 15, 2009. Upon consideration of the oral motion, the defendant's opposition, and the arguments and proffer of evidence introduced in the hearing, the Court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant or the safety of the community if the defendant were to be released pending trial. *See* 18 U.S.C. § 3142(e). Accordingly, the government's motion is GRANTED and the Court ORDERS that the defendant be detained without bond pending trial.

### I. THE GOVERNMENT'S PROFFER

At the April 15, 2009 hearing, the government made the following factual proffer: Oscar Hurtado Campaz was involved in a multi-defendant drug conspiracy in which he transported cocaine from Colombia to other Latin American countries that served as a base for transportation

into the United States. Specifically, Hurtado Campaz was a captain of one of the boats that transported the cocaine from Colombia to other countries. By utilizing a wiretap, the government obtained phone calls in which Hurtado Campaz is heard discussing the conspiracy in coded language. The government also seized approximately 12 tons of cocaine that were part of the conspiracy. The government has also proffered that Hurtado Campaz has no ties to the United States and poses a flight risk. Finally, the government noted that Campaz is charged with an offense that carries a maximum term of imprisonment of ten years or more.

## II. DISCUSSION

### A. Legal Framework

The Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, dictates that a defendant may be detained pending trial where the government carries its burden of establishing "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* at § 3142(e),(f). The government first must establish one of the predicates: (1) that, beyond a preponderance of the evidence, defendant poses a risk of flight, *United States v. Xulam*, 84 F.3d 441, 443 (D.C. Cir. 1996); *United States v. Simpkins*, 826 f.2d 94, 96 (D.C. Cir. 1987); or (2) that, by clear and convincing evidence, defendant has been shown to pose a risk to the safety of any person or the community. 18 U.S.C. § 3142(f). The court must then determine that the same evidence leads to the conclusion that no condition or conditions of release will reasonably protect against the risk that has been found. The court should consider the nature and circumstances of the offense charged, the weight of the evidence, the history and characteristics of the person, and the nature and seriousness of the danger to the community if the person were released. 18 U.S.C. § 3142(g)(1)–(4).

### B. Flight Risk and Danger to the Community

The Court finds that the government has carried its burden of establishing, by a preponderance of evidence, that the defendant is a risk of flight. The defendant has no ties to the United States and therefore if the defendant were to be released the Court could not be reasonably assured that the defendant would appear in court as scheduled.

Furthermore, the government has shown by clear and convincing evidence that Hurtado Campaz is a danger to the community. The nature of the alleged crime is serious and carries a maximum term of imprisonment of ten years or more. The grand jury has returned an indictment charging the defendant with conspiracy to distribute five kilograms or more of cocaine. A grand jury indictment must be taken "fair upon its face" and provides probable cause to believe the defendant actually committed the acts constituting the offense. *United States v. Mosuro*, 648 F. Supp. 316, 318 (D.D.C. 1986).

The Court has also considered the defendant's history and characteristics. The defendant has no prior criminal history, but has no ties to the United States.

The Court has also considered the weight of the evidence and concludes that the government's evidence is strong. The government has phone conversations that indicate that the defendant was part of the charged conspiracy and has also proffered that it has seized cocaine that was part of the conspiracy.

The record does not reflect that Hurtado Campaz has a history of drug or alcohol abuse, has a criminal record, or was on probation at the time of the offense.

### III. CONCLUSION AND ORDER

After consideration of the proffered evidence and the factors set forth in 18 U.S.C. § 3142(g), the Court finds that pretrial detention of Hurtado Campaz is appropriate in this case

because defendant's release, under any conditions, would pose an unreasonable danger to the community and risk of flight. The offense is serious, Hurtado Campaz has extensive foreign ties with whom he has previously conspired, and the government's proffered evidence is strong. Accordingly, it is hereby

      ORDERED that the defendant continue to be detained without bond pending trial; it is further

      ORDERED that defendant shall be afforded reasonable opportunity for private consultation with counsel.

      SO ORDERED.

_____        _4/15/09_
Chief Judge Royce C. Lamberth         Date